## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| AYA HEALTHCARE, INC., | |
| *Plaintiff,* | |
| v. | Case No. 3:24-cv-000390-B |
| RALPH DE LA TORRE and MEDICAL PROPERTIES TRUST, INC., | |
| *Defendants.* | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT MEDICAL PROPERTIES TRUST, INC.

Medical Properties Trust, Inc. ("MPT") files this Answer to the First Amended Complaint [Docket No. 4] (the "Complaint")[1] filed by Plaintiff Aya Healthcare, Inc. ("Aya" or "Plaintiff"). To the extent any allegations in the Complaint are not expressly admitted, they are denied, including, but not limited to, any allegations contained in the headings used in the Complaint. Any averment by MPT that it lacks knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a denial.

## **Introduction**

1.      MPT admits that Ralph de la Torre is the CEO of Steward. MPT admits that Steward is a for-profit company and that Steward and/or its affiliates operate hospitals in the United States. MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 1 – including that de la Torre is the "ultimate owner of a majority of the equity in Steward" and that Steward operates hospitals "throughout" the United

---

[1]      Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Complaint.

States, as these allegations utilize vague, ambiguous, and colloquial terms – and therefore denies them.

2.      Paragraph 2 purports to describe or characterize Steward's financial condition and operations, which requires analysis that MPT has not performed and which, if performed by Plaintiff, has not been provided to MPT.  Upon that basis, and based upon the lack of knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, MPT denies the allegations of Paragraph 2 generally and specifically.

3.      MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore denies them generally and specifically.

4.      MPT admits that there was a COVID-19 pandemic and that it affected much of the world, including the United States, in different ways, some significant and some not.  Except as expressly admitted, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 – specifically, the term "perhaps the most significant" is vague and ambiguous – and therefore denies them generally and specifically.

5.      Paragraph 5 consists of argumentative questions to which no response is required. To the extent a response is required, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore denies them generally and specifically.

6.      MPT admits that the members of Steward (or affiliates of such members) received transfers in the aggregate amount of approximately $111 million in January 2021.  MPT lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Steward paid" the transfers, and MPT further lacks knowledge or information sufficient to form a belief as to the identity of the entity that made such transfers.  MPT lacks knowledge or information

sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 6 and therefore denies them generally and specifically.

7.     MPT denies that it received a dividend from Steward in January 2021.  MPT admits that its indirect subsidiary, MPT Sycamore, was a minority shareholder of Steward as of January 2021 and that MPT Sycamore received an $11 million transfer in January 2021.  MPT admits that MPT Sycamore currently holds a minority interest in Steward Health Care Holdings LLC ("SHCH"), which, in turn, owns a 100% membership interest in Steward.  MPT denies that it owns real estate on which Steward operates hospitals, but answers that affiliates of MPT own real estate on which Steward and/or its affiliates operate hospitals.  MPT otherwise denies the allegations in Paragraph 7 generally and specifically.

8.     MPT admits that de la Torre was the CEO and a member of Steward's board.  In all other respects, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them generally and specifically.

9.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them generally and specifically.

10.     Paragraph 10 consists of a legal conclusion and/or argument.  To the extent a response is required, MPT denies the allegations in Paragraph 10 generally and specifically.

11.     Paragraph 11 consists of a summary of the nature of the action and argument.  To the extent a response is required, MPT denies the allegations in Paragraph 11 generally and specifically.

## **The Parties**

12.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them generally and specifically.

13.     MPT admits that Ralph de la Torre is an individual.  MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 13 and therefore denies them generally and specifically.

14.     MPT admits the allegations in Paragraph 14.

### Jurisdiction and Venue

15.     MPT incorporates by reference the preceding paragraphs as though fully set forth herein.

16.     Paragraph 16 is a legal conclusion to which no response is required.  To the extent a response is required, MPT admits that, for purposes of diversity jurisdiction, MPT is a citizen of Maryland and Alabama.  MPT lacks knowledge or information sufficient to form a belief about the citizenship of de la Torre or Aya and therefore denies that the Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

17.     Paragraph 17 is a legal conclusion to which no response is required.  To the extent a response is required, MPT denies that MPT operates multiple hospitals or owns real property in the state of Texas, but answers that affiliates of MPT own real property in the state of Texas.  MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 17 and therefore denies them generally and specifically.

18.     Paragraph 18 is a legal conclusion to which no response is required.  To the extent a response is required, MPT admits that Defendant de la Torre is an individual.  MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 18 and therefore denies them generally and specifically.

19.     Paragraph 19 is a legal conclusion to which no response is required.  To the extent a response is required, MPT denies that it owns real property in the state of Texas, but answers

that affiliates of MPT own real property in Texas.  MPT otherwise denies the allegations in Paragraph 19 generally and specifically.

20.      Paragraph 20 is a legal conclusion to which no response is required.  To the extent a response is required, MPT denies the allegations in Paragraph 20 generally and specifically.

21.      Paragraph 21 is a legal conclusion to which no response is required.  To the extent a response is required, MPT lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 21 and therefore denies them generally and specifically.

22.      Paragraph 22 is a legal conclusion to which no response is required.  To the extent a response is required, MPT denies the allegations in Paragraph 22 generally and specifically.

## **Factual Background**

23.      MPT lacks knowledge or information sufficient to form a belief about the truth of the allegation that Steward is "one of the largest" networks in the nation, insofar as the term "one of the largest" is imprecise, and therefore denies the allegation.  MPT admits that Steward is a "privately-owned, for-profit health care network[]" and that Steward and/or its affiliates operate numerous hospitals in multiple U.S. states.  MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 23 and therefore denies them generally and specifically.

24.      Except for its knowledge that de la Torre has been CEO of Steward since approximately 2010, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them generally and specifically.

25.      Paragraph 25 purports to characterize Steward's financial condition and operations, which requires analysis that MPT has not performed and which, if performed by Plaintiff, has not been provided to MPT.  Upon that basis, and based upon the lack of knowledge

or information sufficient to form a belief as to the truth of the allegations of this paragraph, MPT denies the allegations of Paragraph 25 generally and specifically.

26.     MPT admits the allegations in the first sentence of Paragraph 26.  MPT denies that it owns hospital real estate, but answers that its affiliates are collectively among the world's largest owners of hospital real estate, with more than 400 facilities owned.

27.     MPT denies that it entered into a sale-leaseback transaction with Steward, but answers that affiliates of MPT entered into a transaction in late 2016 that included a sale-and-leaseback of certain hospital properties owned by Steward and/or its affiliates.  MPT admits that MPT Sycamore acquired an approximately 4.99% membership interest in Steward in connection with such transaction.  MPT denies that MPT or its affiliates "purchase[d] all of [Steward's] hospital properties."  To the extent the allegations in Paragraph 27 seek to summarize or characterize the transaction, MPT states that the transaction documents speak for themselves and MPT denies any allegations in Paragraph 27 to the extent they do not fully and accurately characterize the content of the applicable transaction documents.  MPT otherwise denies the allegations in Paragraph 27 generally and specifically.

28.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies them generally and specifically.

29.     The allegations in Paragraph 29 seek to summarize or characterize the terms of transaction documents.  MPT states that the transaction documents speak for themselves and MPT denies any allegations in Paragraph 29 to the extent they do not fully and accurately characterize the content of the applicable documents.  MPT otherwise denies the allegations in Paragraph 29 generally and specifically.

30.     MPT denies that it entered into the transactions listed in Paragraph 30, but answers that affiliates of MPT entered into transactions with Steward and/or affiliates at or about the times listed in Paragraph 30.   MPT denies that the transactions listed in Paragraph 30 constitute "transactions pursuant to which [Steward] acquired multiple hospitals … funded by MPT."  To the extent the allegations in Paragraph 30 seek to summarize or characterize the transactions, MPT states that the applicable transaction documents speak for themselves and MPT denies any allegations in Paragraph 30 to the extent they do not fully and accurately characterize the content of the applicable transaction documents.  MPT otherwise denies the allegations in Paragraph 30 generally and specifically.

31.     MPT denies that it "invested an additional $100 million in Steward," but answers that MPT Sycamore invested approximately $100 million in Steward in connection with the IASIS transaction, increasing MPT Sycamore's membership interest to approximately 9.9%.  MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 31 and therefore denies them generally and specifically.

32.     MPT admits that MPT Sycamore is an indirect wholly owned subsidiary of MPT.  MPT admits that, at the time of the January 2021 transfer, MPT Sycamore held a membership interest in Steward.   MPT otherwise denies the allegations in Paragraph 32 generally and specifically.

33.     MPT denies that MPT "maintained its previous 10% stake," but answers that MPT Sycamore held a 9.9% membership interest in Steward as of June 2020.  MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 33 and therefore denies them generally and specifically.

34.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore denies them generally and specifically.

35.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and therefore denies them generally and specifically.

36.     MPT admits the first sentence of Paragraph 36.   MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 36 and therefore denies them generally and specifically.

37.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and therefore denies them generally and specifically.

38.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and therefore denies them generally and specifically.

39.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore denies them generally and specifically.

40.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies them generally and specifically.

41.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and therefore denies them generally and specifically.

42.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore denies them generally and specifically.

43.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and therefore denies them generally and specifically.

44.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and therefore denies them generally and specifically.

45.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and therefore denies them generally and specifically.

46.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and therefore denies them generally and specifically.

47.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and therefore denies them generally and specifically.

48.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and therefore denies them generally and specifically.

49.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and therefore denies them generally and specifically.

50.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and therefore denies them generally and specifically.

51.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore denies them generally and specifically.

52.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and therefore denies them generally and specifically.

53.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and therefore denies them generally and specifically.

54.     MPT states that the press reports and pleadings referenced in Paragraph 54 speak for themselves and MPT denies any allegations in Paragraph 54 to the extent they do not fully and accurately characterize the documents referenced therein.   MPT further states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and therefore denies them generally and specifically.

55.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 and therefore denies them generally and specifically.

56.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and therefore denies them generally and specifically.

57.     MPT states that Steward's financial statements speak for themselves, and MPT denies any allegations in Paragraph 57 to the extent they do not fully and accurately characterize the content of Steward's financial statements.   MPT further states that Steward's financial statements do not establish the fair value of Steward's assets and liabilities, which requires analysis that MPT has not performed.

58.     MPT denies that Steward's "rent expense under its hospital leases" with MPT "amounted to approximately $385.2 million for the year 2020."  MPT otherwise lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 58 and therefore denies them generally and specifically.

59.     MPT states that Steward's financial statements speak for themselves, and MPT denies any allegations in Paragraph 59 to the extent they do not fully and accurately characterize the content of Steward's financial statements.   MPT further states that Steward's financial statements do not establish the fair value of Steward's assets and liabilities, which requires analysis that MPT has not performed.  MPT otherwise denies the allegations in Paragraph 59 generally and specifically.

60.     Paragraph 60 purports to characterize Steward's financial condition, which requires analysis that MPT has not performed and which, if performed by Plaintiff, has not been provided to MPT.  Upon that basis, and based upon the lack of knowledge or information sufficient

to form a belief as to the truth of the allegations of this paragraph, MPT denies the allegations of Paragraph 60 generally and specifically.

61.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and therefore denies them generally and specifically.

62.     MPT admits that the members of Steward (or affiliates of such members) received transfers in the aggregate amount of approximately $111 million in January 2021.  MPT lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Steward paid" the transfers, and MPT further lacks knowledge or information sufficient to form a belief as to the identity of the entity that made such transfers.  MPT otherwise denies the allegations in Paragraph 62 and refutes the use of the definition "Fraudulent Dividends" in this paragraph and throughout the Complaint to the extent that it seeks to characterize the transfers as fraudulent.

63.     MPT admits that SHCH had an approximately 90.1% membership interest in Steward as of January 2021.  MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 63 and therefore denies them generally and specifically.

64.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and therefore denies them generally and specifically.

65.     MPT admits that, as of January 2021, MPT Sycamore held an approximately 9.9% membership interest in Steward.  MPT admits that MPT Sycamore received a transfer in the amount of $11 million in January 2021.  MPT states that its 2021 annual report speaks for itself and MPT denies any allegations in Paragraph 65 to the extent they do not fully and accurately characterize MPT's 2021 annual report.  MPT otherwise denies the allegations in Paragraph 65

and refutes the use of the definition "MPT Fraudulent Dividend" in this paragraph and throughout the Complaint to the extent that it seeks to characterize this transfer as fraudulent.

66.     MPT admits that de la Torre was Steward's CEO and was a member of its Board of Directors as of January 2021.  MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 66 and therefore denies them generally and specifically.

67.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and therefore denies them generally and specifically.

68.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and therefore denies them generally and specifically.

69.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and therefore denies them generally and specifically.

70.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and therefore denies them generally and specifically.

71.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and therefore denies them generally and specifically.

72.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 and therefore denies them generally and specifically.

73.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and therefore denies them generally and specifically.

74.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and therefore denies them generally and specifically.

75.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 and therefore denies them generally and specifically.

76.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and therefore denies them generally and specifically.

77.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and therefore denies them generally and specifically.

78.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and therefore denies them generally and specifically.

79.     MPT admits that "Steward sued Aya in Massachusetts" and that "Aya has asserted counterclaims" and that the "litigation is ongoing."   MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 79 and therefore denies them generally and specifically.

80.     MPT states that the pleadings referenced in Paragraph 80 speak for themselves and MPT denies any allegations in Paragraph 80 to the extent they do not fully and accurately characterize the documents referenced therein.   MPT further states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and therefore denies them generally and specifically.

81.     The first sentence of Paragraph 81 consists of argument to which no response is required.   To the extent a response is required, MPT denies the allegations in the first sentence of Paragraph 81 generally and specifically.   MPT admits the allegations in the second and third sentences of Paragraph 81.

82.     MPT admits that it issued a press release in January 2024 and that the press release included the language quoted in Paragraph 82.   The press release speaks for itself and MPT denies

any allegations in Paragraph 82 to the extent the excerpts quoted by Plaintiff do not fully and accurately characterize the press release referenced therein.

83.     MPT admits that it issued a press release in January 2024 and that the press release included the language quoted in Paragraph 83.  The press release speaks for itself and MPT denies any allegations in Paragraph 83 to the extent the excerpts quoted by Plaintiff do not fully and accurately characterize the press release referenced therein.

84.     MPT admits that it issued a press release in January 2024 and that the press release included the language quoted in Paragraph 84.  The press release speaks for itself and MPT denies any allegations in Paragraph 84 to the extent the excerpts quoted by Plaintiff do not fully and accurately characterize the press release referenced therein.

85.     MPT admits that it issued a press release in January 2024 and that the press release included the language quoted in Paragraph 85.  The press release speaks for itself and MPT denies any allegations in Paragraph 85 to the extent the excerpts quoted by Plaintiff do not fully and accurately characterize the press release referenced therein.

86.     MPT admits that the January 25, 2024 Wall Street Journal article referenced in Paragraph 86 indicates that Steward is working with advisors to "evaluate options for its troubled business."  The article and other press reports speak for themselves and MPT denies any allegations in Paragraph 86 to the extent they do not fully and accurately characterize the media reports referenced therein.  MPT lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 86 and therefore denies them generally and specifically.

**Count I**
**Avoidance and Recovery of Fraudulent Transfers (Constructive)**
**Against All Defendants pursuant to Tex. Bus. & Com. Code §§ 24.005(a)(2) & 24.006(a)**

87.     MPT repeats and incorporates each of the responses set forth above as if fully set forth herein.

88.     MPT admits that in January 2021, a date that is within four years of the filing of the Complaint, the members of Steward (or affiliates of such members) received transfers in the aggregate amount of approximately $111 million.  MPT further admits that MPT Sycamore received an $11 million transfer at that time.  MPT lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Steward made" the transfer, and MPT further lacks knowledge or information sufficient to form a belief as to the identity of the entity that made such transfer.  MPT otherwise denies the allegations in Paragraph 88 generally and specifically.

89.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and therefore denies them generally and specifically.

90.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and therefore denies them generally and specifically.

91.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 and therefore denies them generally and specifically.

92.     Determination of Steward's solvency or insolvency as of the date the transfers were made requires analysis that MPT has not performed and which, if performed by Plaintiff, has not been provided to MPT.  Upon that basis, and based upon the lack of knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, MPT denies the allegations of Paragraph 92 generally and specifically.

93.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 and therefore denies them generally and specifically.

94.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 and therefore denies them generally and specifically.

95.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 and therefore denies them generally and specifically.

96.     Paragraph 96 consists of legal conclusions and/or argument.  To the extent a response is required, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 and therefore denies them generally and specifically.

97.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 and therefore denies them generally and specifically.

98.     Paragraph 98 consists of legal conclusions and/or argument.  To the extent a response is required, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 and therefore denies them generally and specifically.

99.     MPT denies the allegations in Paragraph 99 generally and specifically.

100.    Paragraph 100 consists of legal conclusions and/or argument.  To the extent a response is required, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and therefore denies them generally and specifically.

101.    Paragraph 101 consists of legal conclusions and/or argument.  To the extent a response is required, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and therefore denies them generally and specifically.

**Count II**
**Avoidance and Recovery of Fraudulent Transfers (Intentional)**
**Against All Defendants pursuant to Tex. Bus. & Com. Code § 24.005(a)(1)**

102.     MPT repeats and incorporates each of the responses set forth above as if fully set forth herein.

103.     MPT admits that in January 2021, a date that is within four years of the filing of the Complaint, the members of Steward (or affiliates of such members) received transfers in the aggregate amount of approximately $111 million.   MPT further admits that MPT Sycamore received an $11 million transfer at that time.   MPT lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Steward made" the transfers, and MPT further lacks knowledge or information sufficient to form a belief as to the identity of the entity that made such transfers.   MPT otherwise denies the allegations in Paragraph 103 generally and specifically.

104.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 and therefore denies them generally and specifically.

105.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 and therefore denies them generally and specifically.

106.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 and therefore denies them generally and specifically.

107.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 and therefore denies them generally and specifically.

108.     Determination of Steward's solvency or insolvency as of the date the transfers were made requires analysis that MPT has not performed and which, if performed by Plaintiff, has not been provided to MPT.   Upon that basis, and based upon the lack of knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph, MPT denies the allegations of Paragraph 108 generally and specifically.

109.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 and therefore denies them generally and specifically.

110.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 and therefore denies them generally and specifically.

111.     Paragraph 111 consists of legal conclusions and/or argument.  To the extent a response is required, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 and therefore denies them generally and specifically.

112.     MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 and therefore denies them generally and specifically.

113.     Paragraph 113 consists of legal conclusions and/or argument.  To the extent a response is required, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 and therefore denies them generally and specifically.

114.     MPT denies the allegations in Paragraph 114 generally and specifically.

115.     Paragraph 115 consists of legal conclusions and/or argument.  To the extent a response is required, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 and therefore denies them generally and specifically.

116.     Paragraph 116 consists of legal conclusions and/or argument.  To the extent a response is required, MPT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 and therefore denies them generally and specifically.

## **Jury Demand**

117.     Paragraph 117 is a jury demand to which no response is required at this time.

## **Specific and Affirmative Defenses**

Without changing the burdens of proof of persuasion,[2] MPT additionally asserts the following affirmative defenses.

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff lacks standing to pursue some or all of the claims asserted in the Complaint.

3.      Some or all of the claims in the Complaint are barred because they seek avoidance of transfers not made by Steward.

4.      Recovery, if any, on some or all of the claims in the Complaint should be barred, reduced, impressed with a lien or otherwise adjusted in the interests of equity.

5.      Plaintiff's ability to avoid transfers is limited under applicable law to not more than the amount, if any, of Plaintiff's liquidated claim against Steward.

6.      Plaintiff is limited to a single satisfaction of its claims.

7.      Plaintiff's claims are barred or limited by the doctrines of unjust enrichment, waiver, estoppel, acquiescence, ratification, and/or laches.

8.      Plaintiff is barred from recovery by its own inequitable conduct.

9.      Plaintiff's claims are barred due to lack of injury.

10.      Plaintiff's claims are barred because MPT's conduct was not the proximate cause of any damages alleged by Plaintiff.

11.      Plaintiff's claims are barred, in whole or in part, to the extent the alleged transfers were not made to or for the benefit of MPT.

---

[2]      To the extent any specific or affirmative defense is, in fact, an element of the Plaintiff's prima facie case, the listing of these defenses is not intended to alter the burdens of proof or persuasion, which remain upon the Plaintiff.

12.     Plaintiff's claims are barred because, to the extent MPT received any of the alleged transfers, MPT (i) was a subsequent good faith transferee who took such transfers for value, and/or (ii) received such transfers from a subsequent good faith transferee who took such transfers for value.

13.     The Complaint and any relief sought by Plaintiff is barred, in whole or in part, by such additional defenses as MPT may have that cannot now be articulated due to the generality of Plaintiff's pleading and the fact that discovery has not yet commenced.   Accordingly, MPT reserves the right to supplement the foregoing and to raise additional defenses as the case progresses.

## **Prayer for Relief**

WHEREFORE, MPT denies the allegations in Plaintiff's "Prayer for Relief" section and avers that Plaintiff is entitled to no relief, and MPT prays that Plaintiff's Complaint be dismissed with prejudice and/or that judgment be entered in MPT's favor on all claims and that MPT be awarded its costs, and to the extent permitted by applicable law, its attorneys' fees, and such other relief as the Court deems just and proper.

Dated:  May 3, 2024               Respectfully submitted,

**GRAY REED & MCGRAW LLP**

*/s/ London England*
SCOTT FUNK
State Bar No. 7550900
LONDON ENGLAND
State Bar No. 24110313
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:     (214) 954-4135
Facsimile:      (214) 953-1332
Email: sfunk@grayreed.com
           lengland@grayreed.com

**KTBS LAW LLP**
DAVID M. STERN *(pro hac vice)*
California Bar No. 67697
SAMUEL M. KIDDER *(pro hac vice)*
California Bar No. 284015
1801 Century Park East, 26th Floor
Los Angeles, California 90067
Telephone:     (310) 407-4000
Facsimile:      (310) 407-9090
Email: dstern@ktbslaw.com
           skidder@ktbslaw.com

**ATTORNEYS FOR DEFENDANT
MEDICAL PROPERTIES TRUST, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 3, 2024, the above and foregoing instrument was electronically field with the Clerk of the Court using the CM/ECF system, which will send notification to the attorneys of record for all parties to this suit.

*/s/ London England*
London England