# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| AYA HEALTHCARE, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. 3:24-cv-000390-B |
| RALPH DE LA TORRE and MEDICAL PROPERTIES TRUST, INC., | § |
| | § |
| Defendants. | § |

## DEFENDANT RALPH DE LA TORRE'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ralph de la Torre, M.D. ("Dr. de la Torre") hereby submits his Answer and Affirmative Defenses in response to Aya Healthcare, Inc.'s ("Aya") First Amended Complaint, as set forth below. Each paragraph of the Answer below responds to the corresponding numbered paragraph of the Complaint. All headings, as well as allegations not expressly admitted herein, are denied by Dr. de la Torre.

### Introduction

1. Dr. de la Torre admits that he is the CEO of Steward Health Care System, LLC ("Steward"), a for-profit company that operates hospitals. Dr. de la Torre denies the remaining allegations in Paragraph 1.

2. Dr. de la Torre admits that Steward owned more than 30 hospitals in January 2021. Dr. de la Torre denies the remaining allegations in Paragraph 2.

3. Dr. de la Torre denies the allegations in Paragraph 3.

4. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4, and therefore denies them.

5. Dr. de la Torre denies the allegations in Paragraph 5.

6. Dr. de la Torre denies the allegations in Paragraph 6.

7. Dr. de la Torre denies the allegations in Paragraph 7.

8. Dr. de la Torre admits he is CEO of Steward and a member of Steward's Board of Directors. To the extent Paragraph 8 contains legal conclusions and arguments, no response is required but, to the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 8. Dr. de la Torre otherwise denies the allegations in Paragraph 8.

9. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff Aya is a staffing company that provides, among other things, travel nurses to hospitals, and therefore denies them. Dr. de la Torre denies the remaining allegations in Paragraph 9.

10. Paragraph 10 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 10.

11. Paragraph 11 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 11.

## The Parties

12. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore denies them.

13. Dr. de la Torre admits the allegations in Paragraph 13.

14. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore denies them.

## Jurisdiction and Venue

15. Dr. de la Torre repeats his responses to each preceding paragraph as if fully set forth herein.

16. Paragraph 16 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 17.

18. Paragraph 18 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 22.

## Factual Background

23. Dr. de la Torre admits the allegations in Paragraph 23.

24. Dr. de la Torre admits the allegations in the first sentence of Paragraph 24. Dr. de la Torre further admits that he was a heart surgeon, was CEO of Caritas, and has been CEO of Steward since its formation. Dr. de la Torre denies the remaining allegations in Paragraph 24.

25. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 because they are too vague and ambiguous, and Dr. de la Torre therefore denies the allegations in Paragraph 25.

26. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, and therefore denies them.

27. Dr. de la Torre denies the allegations in Paragraph 27.

28. Dr. de la Torre admits the allegations in Paragraph 28.

29. Dr. de la Torre denies the allegations in Paragraph 29.

30. Dr. de la Torre denies the allegations in Paragraph 30.

31. Dr. de la Torre denies the allegations in Paragraph 31.

32. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore denies them.

33. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 because they are too vague and ambiguous, and Dr. de la Torre therefore denies the allegations in Paragraph 33.

34. Dr. de la Torre denies the allegations in Paragraph 34.

35. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35, and therefore denies them.

36. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, and therefore denies them.

37. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, and therefore denies them.

38. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, and therefore denies them.

39. The referenced contract speaks for itself. Dr. de la Torre denies the allegations in Paragraph 39 to the extent that they are inconsistent with the plain language of the referenced contract or take the terms out of context.

40. Dr. de la Torre denies the allegations in Paragraph 40.

41. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41, and therefore denies them.

42. Dr. de la Torre denies the allegations in Paragraph 42.

43. Dr. de la Torre denies the allegations in Paragraph 43.

44. Dr. de la Torre denies the allegations in Paragraph 44.

45. The alleged communications speak for themselves. Dr. de la Torre denies the allegations in Paragraph 45 to the extent that they are inconsistent with the alleged communications or take them out of context.

46. The alleged communication speaks for itself. Dr. de la Torre denies the allegations in Paragraph 46 to the extent that they are inconsistent with the alleged communication or take it out of context.

47. The alleged communication speaks for itself. Dr. de la Torre denies the allegations in Paragraph 47 to the extent that they are inconsistent with the alleged communication or take it out of context.

48. Dr. de la Torre denies the allegations in Paragraph 48.

49. The alleged communication speaks for itself. Dr. de la Torre denies the allegations in Paragraph 49 to the extent that they are inconsistent with the alleged communication or take it out of context.

50. The alleged communications speak for themselves. Dr. de la Torre denies the allegations in Paragraph 50 to the extent that they are inconsistent with the alleged communications or take them out of context. Dr. de la Torre denies all remaining allegations in Paragraph 50.

51. Dr. de la Torre denies the allegations in Paragraph 51.

52. Dr. de la Torre denies the allegations in Paragraph 52.

53. Dr. de la Torre denies the allegations in Paragraph 53.

54. Paragraph 54 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 54. Further, the alleged pleadings and documents speak for themselves. Dr. de la Torre denies the allegations in Paragraph 54 and Footnote 1 to the extent that they are inconsistent with the alleged pleadings or documents or take them out of context.

55. Dr. de la Torre denies the allegations in Paragraph 55.

56. Dr. de la Torre denies the allegations in Paragraph 56.

57. The referenced audited financial statements speak for themselves. Dr. de la Torre denies the allegations in Paragraph 57 to the extent that they are inconsistent with the referenced audited financial statements or take them out of context.

58. Dr. de la Torre denies the allegations in Paragraph 58.

59. The referenced audited financial statements speak for themselves. Dr. de la Torre denies the allegations in Paragraph 59 to the extent that they are inconsistent with the referenced audited financial statements or take them out of context.

60. Dr. de la Torre denies the allegations in Paragraph 60. To the extent the allegations reference audited financial statements, those speak for themselves and Dr. de la Torre denies the allegations in Paragraph 60 to the extent that they are inconsistent with the referenced audited financial statements or take them out of context.

61. Paragraph 61 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 61.

62. Dr. de la Torre denies the allegations in Paragraph 62.

63. Dr. de la Torre denies the allegations in Paragraph 63.

64. Dr. de la Torre denies the allegations in Paragraph 64.

65. The first sentence of Paragraph 65 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 65. Dr. del a Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 65, and therefore denies them.

66. Dr. de la Torre admits he is Steward's CEO and a member of Steward's Board of Directors. Dr. de la Torre denies the remaining allegations in Paragraph 66.

67. Paragraph 67 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 67.

68. Dr. de la Torre denies the allegations in Paragraph 68.

69. Paragraph 69 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 69.

70. Paragraph 70 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 70.

71. Paragraph 71 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 71.

72. Paragraph 72 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 72.

73. Paragraph 73 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 73.

74. The alleged communication speaks for itself. Dr. de la Torre denies the allegations in Paragraph 74 to the extent that they are inconsistent with the alleged communication or take it out of context. Dr. de la Torre denies the remaining allegations in Paragraph 74.

75. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75, and therefore denies them.

76. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76, and therefore denies them.

77. Dr. de la Torre denies the allegations in Paragraph 77.

78. The alleged communication speaks for itself. Dr. de la Torre denies the allegations in Paragraph 78 to the extent that they are inconsistent with the alleged communication or take it out of context. Dr. de la Torre denies any remaining allegations in Paragraph 78.

79. The referenced pleadings speak for themselves. Dr. de la Torre denies the allegations in Paragraph 79 to the extent that they are inconsistent with the referenced pleadings or take them out of context. Dr. de la Torre otherwise denies the allegations in Paragraph 79.

80. Paragraph 80 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 80. Further, the referenced pleadings speak for themselves. Dr. de la Torre denies the allegations in Paragraph 80 to the extent that they are inconsistent with the referenced pleadings or take them out of context.

81. Dr. de la Torre lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 81, and therefore denies them. Dr. de la Torre admits the allegations in the second sentence of Paragraph 81. With respect to the third sentence of Paragraph 81, the referenced document speaks for itself. Dr. de la Torre denies

the allegations in the third sentence of Paragraph 81 to the extent that they are inconsistent with the referenced document or take it out of context.

82. The referenced document speaks for itself. Dr. de la Torre denies the allegations in Paragraph 82 to the extent that they are inconsistent with the referenced document or take it out of context.

83. The referenced document speaks for itself. Dr. de la Torre denies the allegations in Paragraph 83 to the extent that they are inconsistent with the referenced document or take it out of context.

84. The referenced document speaks for itself. Dr. de la Torre denies the allegations in Paragraph 84 to the extent that they are inconsistent with the referenced document or take it out of context.

85. The referenced document speaks for itself. Dr. de la Torre denies the allegations in Paragraph 85 to the extent that they are inconsistent with the referenced document or take it out of context.

86. The referenced documents speak for themselves. Dr. de la Torre denies the allegations in Paragraph 86 to the extent that they are inconsistent with the referenced documents or take them out of context.

**Count I**
**Avoidance and Recovery of Fraudulent Transfers (Constructive)**
**Against All Defendants pursuant to Tex. Bus & Com. Code §§ 24.005(a)(2) & 24.006(a)**

87. Dr. de la Torre repeats his responses to each preceding paragraph as if fully set forth herein.

88. Paragraph 88 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 88.

89. Paragraph 89 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 89.

90. Paragraph 90 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 90.

91. Paragraph 91 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 91.

92. Paragraph 92 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 92.

93. Paragraph 93 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 93.

94. Paragraph 94 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 94.

95. Paragraph 95 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 95.

96. Paragraph 96 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 96.

97. Paragraph 97 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 97.

98. Paragraph 98 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 98.

99. Paragraph 99 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 99.

100. Paragraph 100 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 100.

101. Paragraph 101 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in paragraph 101.

**<u>Count II</u>**
**Avoidance and Recovery of Fraudulent Transfers (Intentional)**
**Against All Defendants pursuant to Tex. Bus & Com. Code § 24.005(a)(1)**

102. Dr. de la Torre repeats his responses to each preceding paragraph as if fully set forth herein.

103. Paragraph 103 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 103.

104. Paragraph 104 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 104.

105. Paragraph 105 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 105.

106. Paragraph 106 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 106.

107. Paragraph 107 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 107.

108. Paragraph 108 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 108.

109. Paragraph 109 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 109.

110. Paragraph 110 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 110.

111. Paragraph 111 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 111.

112. Paragraph 112 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 112.

113. Paragraph 113 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 113.

114. Paragraph 114 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 114.

115. Paragraph 115 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 115.

116. Paragraph 116 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 116.

117. Paragraph 117 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 117.

### Jury Demand

118. Paragraph 118 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Dr. de la Torre denies the allegations in Paragraph 118.

### Prayer for Relief

Dr. de la Torre denies that Aya is entitled to the judgment and relief set forth in the Prayer for Relief.

### Affirmative Defenses

Dr. de la Torre expressly reserves the right to amend, withdraw, supplement, modify, or plead additional affirmative defenses and other defenses should such defenses be revealed by any discovery in this case. Dr. de la Torre asserts the following defenses without assuming the burden to prove that which properly falls on Aya:

1. First Affirmative Defense (Failure to State a Claim): Aya's claims, and each purported cause of action contained therein, fail to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

2. Second Affirmative Defense (Laches): Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, by the doctrine of laches.

3. Third Affirmative Defense (Mootness): Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, by the doctrine of mootness.

4. **Fourth Affirmative Defense (Waiver)**: Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, by the doctrine of waiver.

5. **Fifth Affirmative Defense (Lack of Standing)**: Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, by Aya's lack of standing.

6. **Sixth Affirmative Defense (No injury)**: Aya's claims, and each purported cause of action contained therein, are barred due to lack of injury.

7. **Seventh Affirmative Defense (Privilege/Justification/Excuse)**: Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, due to Dr. de la Torre's conduct being privileged, justified, and/or excused by operation of law.

8. **Eighth Affirmative Defense (No proximate cause)**: Dr. de la Torre's conduct was not the proximate cause of any damage that Aya allegedly suffered.

9. **Ninth Affirmative Defense (Consent/Acquiescence)**: Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, by the doctrine of consent because Aya acquiesced in, consented to, waived, disclaimed, represented that it had no cognizable interest in, participated in, and/or benefited from some or all of the conduct constituting the alleged wrongdoing.

10. **Tenth Affirmative Defense (Ratification)**: Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, by the doctrine of ratification.

11. **Eleventh Affirmative Defense (Speculative Damages)**: Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, because any alleged damages, which Dr. de la Torre generally and specifically denies, are speculative, and because of the impossibility of ascertaining and allocating these alleged damages.

12. Twelfth Affirmative Defense (Failure to Mitigate Damages): Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, due to Aya's failure to reasonably mitigate its damages, if any.

13. Thirteenth Affirmative Defense (Unclean Hands): Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, by the doctrine of *pari dilecto* and/or unclean hands.

14. Fourteenth Affirmative Defense (Estoppel): Aya's claims, and each purported cause of action contained therein, are barred, in whole or in part, by the doctrine of estoppel.

15. Fifteenth Affirmative Defense (Failure to Join a Party Under Fed. R. Civ. P. 19): Aya fails to state a claim upon which relief can be granted because it failed to join a necessary and indispensable party under Fed. R. Civ. P. 19.

16. Sixteenth Affirmative Defense (Lack of Jurisdiction): Aya fails to state a claim upon which relief can be granted because this Court lacks jurisdiction over this lawsuit.

17. Seventeenth Affirmative Defense (Unenforceable Contract): Aya's claims are barred, in whole or in part, because the parties' contracts are invalid or unenforceable due to indefiniteness, mistake, lack of consideration, misrepresentation, fraud, illegality, and/or violation of public policy.

18. Eighteenth Affirmative Defense (Unjust Enrichment): Aya is barred from recovery in this action because any such recovery would result in unfair and unjust enrichment.

19. Nineteenth Affirmative Defense (Frivolous/Bad Faith/Improper Purpose): Aya's claims are barred, in whole or in part, because they are frivolous, brought in bad faith, and/or are brought for an improper purpose and/or were brought without reasonable inquiry.

20. Twentieth Affirmative Defense (Good Faith/Reasonably Equivalent Value/Subsequent Transferee): Aya's claims are barred in whole or in part, because the transferee of any transfer took in good faith and for a reasonably equivalent value and/or was a subsequent transferee.

21. Twenty-First Affirmative Defense (Reservation of Rights to Add Defenses): Dr. de la Torre reserves the right to assert additional defenses upon discovery of further information concerning Aya's claims.

## DEMAND FOR JURY TRIAL

22. Dr. de la Torre hereby demands a jury trial on all issues.

## PRAYER FOR RELIEF

Accordingly, Dr. de la Torre prays as follows:

- That Aya's First Amended Complaint be dismissed with prejudice;

- That Dr. de la Torre be awarded the costs, expenses, and disbursements he incurred in defending this action;

- That Dr. de la Torre be awarded attorneys' fees incurred by him in defending this action;

- That Dr. de la Torre be awarded prejudgment interest, as appropriate; and

- For such further relief as this Court may deem just and proper.

DATED: May 3, 2024                                    Respectfully submitted,

*/s/ Will Thompson*
Will Thompson (TX Bar No. 24094981)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
3100 McKinnon St, Suite 1125
Dallas, Texas 75201
Telephone: (469) 902-3600
Facsimile: (469) 902-3610
willthompson@quinnemanuel.com

***Counsel for Defendant Ralph de la Torre***

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2024, I electronically filed the foregoing with document using the CM/ECF system which will send notification of such filing to counsel for all parties of record.

*/s/ Will Thompson*
Will Thompson